## FOLTZ v. PAYNE, Secretary of the Interior, et al.

(Court of Appeals of District of Columbia. Submitted October 8, 1920. Decided December 6, 1920.)

### No. 3355.

**Public lands ⬩109—Mortgagee of relinquished claim indispensable to suit against Secretary of the Interior by subsequent claimant.**

A mortgagee of a desert land entrywoman, who had relinquished her claim, is an indispensable party to a suit by a subsequent homestead entryman to restrain the enforcement of the order of the Department of the Interior, sustaining proof essential to establish the desert claim offered by the mortgagee, since the object of the suit is to deprive the mortgagee of his interest in the property, which will not be done in equity without giving him an opportunity to be heard.

Appeal from the Supreme Court of the District of Columbia.

Bill in equity by Leo L. Foltz against John Barton Payne, Secretary of the Interior, and another. From a decree dismissing the bill, complainant appeals. Affirmed.

Patrick H. Loughran, of Washington, D. C., for appellant.

C. E. Wright and Chas. D. Mahaffie, both of Washington, D. C., for appellees.

ROBB, Associate Justice. This is an appeal from a decree dismissing appellant's bill to restrain appellees from enforcing certain decisions of the Department of the Interior. The material averments of the bill are substantially as follows:

In 1910 Emil Grasswick made desert land entry of the land in controversy, and he and Rosie Grasswick, his wife, executed a mortgage thereon to Ebenezer G. Ranney. Later in that year, and before the entry became perfected, Emil Grasswick filed a relinquishment. In 1911 Rosie Grasswick made desert land entry of the same land, in her individual right. On January 6, 1913, Mrs. Grasswick made final proof, and on January 22d, following, final certificate was issued to her. On October 5, 1914, the Department required Mrs. Grasswick to furnish evidence that a court of competent jurisdiction had recognized her ownership of the share of stock evidencing her right to water for the irrigation of the land entered by her. On October 5, 1914, Mrs. Grasswick filed a relinquishment of her entry, and thereafter Clementine A. Shaw filed a homestead application for the land. On April 29, 1916, the appellant, Leo L. Foltz, filed an affidavit of contest against this entry, and on May 27th, following, a relinquishment was filed by the entrywoman. Thereupon appellant, who then was in "actual occupancy" of the land, filed a homestead application therefor.

Upon the relinquishment of Mrs. Grasswick's entry, Ranney, the mortgagee, claiming the right to be subrogated to her interest, was permitted by the Department to furnish proof of the validity of the water certificate held by her. On November 27, 1917, the Department, being satisfied with Ranney's proof, ruled that as mortgagee he was entitled to have issued a patent for the entry in the name of the entry-

⬩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

woman. The sufficiency of this proof is challenged in the bill, but, under our view of the case, it is unnecessary to consider the question.

Ranney is not made a party to the bill, although it plainly appears that he is a party in interest. The court is asked to strike down the departmental rulings that he has met the requirements as to the validity of the water stock and that the Grasswick entry is confirmed for patent. With these rulings out of the way, appellant would be entitled to perfect his entry. This being a proceeding in equity, all "persons who not only have an interest in the controversy; but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience," are indispensable parties. Shields v. Barrow, 17 How. (58 U. S.) 130, 139, 15 L. Ed. 158. It is clear that the object of the bill is to deprive Ranney of any equitable right in the land involved. Surely this ought not to be done without giving him a day in court. We therefore affirm the decree on the ground that Ranney is an indispensable party.

Affirmed.