### BRADY v. FALL, Secretary of the Interior, et al.

(Court of Appeals of District of Columbia. Submitted April 4, 1922. Decided May 1, 1922.)

No. 3721.

1. **Public lands** ⟨⟩109—**Successful applicant is indispensable party to suit to enjoin issuance of patent.**

Where the Land Office had decided a contest in favor of one of the applicants, to whom a patent would ordinarily issue, the successful applicant was an indispensable party to a suit to restrain the Secretary of the Interior and the Commissioner of the General Land Office from issuing the patent.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. **Public lands ⊚⟶106(1)—Decision of Land Department within jurisdiction cannot be controlled by injunction, unless arbitrary.**
> The decision of a land contest is within the jurisdiction of the Department of the Interior, and its decision may not be controlled by injunction, in the absence of a showing of capricious or arbitrary action.

Appeal from the Supreme Court of the District of Columbia.

Suit by Thomas N. Brady against Albert B. Fall, Secretary of the Interior, and another. From a decree dismissing the bill, plaintiff appeals. Affirmed.

S. M. Stockslager, of Washington, D. C., for appellant.

C. E. Wright and Edwin S. Booth, both of Washington, D. C., for appellees.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District, dismissing appellant's bill to enjoin appellees from issuing a patent for certain public land to Lillie S. Harner, and for other relief.

On October 27, 1915, according to the averments of the bill, Harry S. Harner instituted a contest proceeding against William Rattkamner, a homestead entryman of the land in controversy. On January 6, 1916, the entry was canceled, but Harner was not notified until December 27, 1918. Under the provisions of the Act of May 14, 1880 (21 Stat. 140 [Comp. St. §§ 4536–4538]), Harner had the preference right of entry within 30 days after receipt of the notice. On January 1, 1919, or within Harner's 30-day period, the appellant, Brady, made a homestead settlement on the land. On February 17, 1919, Rudolph L. Larson filed a homestead entry on the same land and on March 3d, following, Brady instituted a contest proceeding against Larson, alleging a prior settlement. On April 14th, following, Lillie S. Harner, as the deserted wife of Harry S. Harner, filed a petition to intervene, which was allowed on the next day. Hearing was had, at which "all parties appeared in person and by their attorneys." The register and receiver decided that Mrs. Harner's rights were paramount to those of "either the contestant or the contestee," and recommended the cancellation of the Larson entry and that Mrs. Harner be allowed to enter the land. Brady and Larson both appealed, and the Department canceled the Larson entry, dismissed the contest, and awarded the land to Mrs. Harner. The bill alleges that the Secretary was about to issue a patent to her when this suit was instituted.

[1, 2] It is apparent from the foregoing statement that Mrs. Harner is an indispensable party, for the bill seeks to deprive her of rights to which she has been found entitled. Foltz v. Payne, 50 App. D. C. 155, 269 Fed. 671. Having found that Mrs. Harner's rights were paramount, the Department did not determine the merits of appellant's contest with Larson, and yet we are asked to set aside its finding without the presence of Mrs. Harner and without knowledge of the facts upon which the Department acted. Moreover, the question decided was one within the jurisdiction of the Department and, there being no showing of capricious or arbitrary action, the decision may not be

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

controlled by injunction. Gaines v. Thompson, 7 Wall. 347, 19 L. Ed. 62; Hall v. Payne, 254 U. S. 343, 41 Sup. Ct. 131, 65 L. Ed. 295; O'Brien v. Lane, 40 App. D. C. 493.

Decree affirmed, with costs.

Affirmed.