HYMAN et al. v. RUDOLPH et al., Commissioners of the District of Columbia.

(Court of Appeals of District of Columbia. Submitted May 2, 1922. Decided June 5, 1922.)

No. 3751.

**1. District of Columbia ⬤⟾36—Party awarded contract is necessary defendant to bill to compel award to plaintiff.**

In a suit to compel the commissioners of the District of Columbia to award to plaintiff, who was the lowest bidder, a contract which they had awarded to the next lowest bidder, the successful party is a necessary defendant, since the bill is aimed especially at the destruction of his rights.

**2. Appeal and error ⬤⟾1178(8)—Equity held not to require remand, with leave to amend.**

Though equitable power exists to remand a proper case, with instructions to grant leave to amend the bill by adding a necessary party defendant, such power will not be exercised, where the attention of complainant asking to have a public contract awarded to him was called, by the answer to the rule to show cause and the motion to dismiss, to the failure to make the bidder to whom the contract was awarded a defendant, and no offer to amend was tendered, and, before the decision on appeal, the work under the contract had progressed to the extent that large public interests were involved.

Appeal from the Supreme Court of the District of Columbia.

Suit by George Hyman and others against Cuno H. Rudolph and others, as Commissioners of the District of Columbia, to restrain the Commissioners from completing and delivering to another a contract for the construction of a school building. From a decree dismissing the bill, complainants appeal. Affirmed.

W. Gwynn Gardiner, of Washington, D. C., for appellants.

F. H. Stephens, of Washington, D. C., for appellees.

VAN ORSDEL, Associate Justice. This appeal is from a decree of the Supreme Court of the District, dismissing a bill in equity filed by appellants to restrain the Commissioners of the District from completing and delivering to one Wyne a contract awarded him for the construction of a school building in this city. Under a call from the commissioners, bids were submitted for the performance of the work, and appellant Hyman was the lowest bidder. The proceedings were had under an act of Congress requiring the work to be awarded to "the lowest responsible bidder." Hyman's bid was rejected, and the contract was awarded to Wyne, the next lowest bidder.

[1, 2] Consideration of the merits may be avoided, since defect of parties is apparent. Wyne should have been made a party defendant. The bill is aimed specially at the destruction of his rights under the award. Roberts v. Bradfield, 12 App. D. C. 453; Foltz v. Payne, 269 Fed. 671, 50 App. D. C. 155; Brady v. Fall, App. D. C. ——, 280 Fed. 1017. While equitable power exists in furtherance of justice to remand a proper case, with instructions to grant leave to amend, the present case is not one calling for exercise of the power. It was disclosed at bar that the work, under the contract awarded to Wyne, has so far progressed that large public interests are involved. The

⬤⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

circumstances are not such, therefore, as to require the court, in the exercise of sound discretion, to extend the right of amendment. Opportunity for timely amendment was afforded, since defect of parties was suggested in the answer to the rule to show cause and the motion to dismiss. It was an issue before the court and is sufficient in itself to support the decree. No offer to amend was tendered; hence no reason suggests itself for extending the relief which an extreme case might impel.

The decree is affirmed, with costs.