## COMPTON et al. v. RUDOLPH. et al.

(Court of Appeals of District of Columbia. Submitted February 4, 1926. Decided April 5, 1926.)

No. 4312.

**1. Adverse possession ⬤⇒4.**

Adverse possession cannot be charged against District of Columbia.

**2. District of Columbia ⬤⇒22—Proposed closing in part and other changes in alley held in excess of District commissioners' authority (Code, § 1608a, 1608b).**

Proposed closing in part and other changes of alley, not petitioned for by all of abutting property owners, held in excess of District commissioners' authority, under Code, §§ 1608a and 1608b, and properly enjoined.

**3. Dedication ⬤⇒4.**

Before District commissioners can accept dedication for widening of alley, it must be made for use of public and accepted for public.

**4. District of Columbia ⬤⇒22—Commissioners of District of Columbia have no discretion in matter of closing or changing alley (Code, §§ 1608a, 1608b).**

Under Code, §§ 1608a and 1608b, commissioners of District of Columbia have no discretion, express or implied, in matter of closing or changes in alley.

Appeal from the Supreme Court of the District of Columbia.

Suit by Charles Compton and another against Cuno H. Rudolph and others, Commissioners of the District of Columbia, and

another. Decree for defendants, and plaintiffs appeal. Reversed and remanded.

W. G. Gardiner and J. W. Tomlinson, both of Washington, D. C., for appellants.

F. H. Stephens, R. L. Williams, and J. E. Laskey, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Plaintiffs in error filed a bill in the Supreme Court of the District of Columbia for an injunction to restrain the commissioners of the District of Columbia from closing an alley, and to enjoin appellee, the Charles Schneider Baking Company, from obstructing the alley adjoining their property.

Plaintiffs are the owners of lot C in square 516, situated at the corner of Fourth and I streets in this city. The Baking Company is the owner of lots D, E, F, 42, 46, 800, and 801. The alley in question (10 feet wide) extends between lots C, D, E, F, 42, and 800, and lot 46. It then extends north between lots 46 and 801 by a 3-foot alley for a short distance, connecting with a 17-foot alley, which extends to the north line of lot 801 and connects with a 30-foot alley extending from thence westward through the block. [1, 2] The commissioners, when restrained, were proceeding to close this alley from the west line of lot D, west and north, to the north line of lot 801. At the same time it is contemplated to accept a dedication of a portion of lot D and widen the alley at the rear thereof, retaining the original width of the alley at the rear of lot C. The entire proceedings seem to be for the accommodation of the Baking Company, and to enable them to occupy and build upon the portion of the alley to be vacated. There is considerable in the record as to the 3-foot alley being occupied by buildings at the present time. This is unimportant, as adverse possession could not be charged against the District, and for the further reason that the case here turns solely upon the question of the power of the District commissioners to do the thing proposed, irrespective of the mere convenience or inconvenience of the parties concerned.

The commissioners are attempting to proceed under section 1608b of the District Code, which is in part as follows: "That the said commissioners are authorized to accept the dedication of an alley or alleys and in connection therewith to close any existing alley or alleys in the square or block in which such dedication is made upon the application of the owners of all the property abutting on such existing alley or alleys."

From the foregoing it appears that, as a condition precedent to the closing of an existing alley, the application must be concurred in by all the owners of property abutting thereon. Plaintiffs have not concurred in such application, but, on the contrary, are contesting the authority of the commissioners to close this alley. The same requirement applies to the acceptance of a dedication as to the closing of an alley. The condition proposed to be created must be taken into consideration in determining whether or not the commissioners have the power to do what is here attempted. Manifestly the widening of the alley at the rear of lot D is not for the benefit of the public, but solely for the accommodation of the Baking Company. Indeed, it is alleged in the answer of the commissioners that by the closing of this alley, excepting as to the small portion lying north of lots C and D, the city will be relieved of all responsibility for its care and maintenance.

[3] Before the commissioners can accept a dedication of this sort, the dedication must be made for the use of the public, and in turn it must be accepted for the public. Morgan v. Railroad Co., 96 U. S. 716, 24 L. Ed. 743. The validity of the action of the commissioners in accepting this dedication, therefore, depends entirely upon whether or not the ground is to be devoted to a public use, and it is manifest from all the circumstances in the case that it was not so intended. This, however, is of no consequence in the present case, since the dedication is made by the Baking Company wholly for its own benefit. It could, if it so desired, for its own convenience, throw the space open to the alley without permission from the commissioners or a formal act of dedication.

Coming to the power of the commissioners to widen an alley, it is to be assumed that in such a proceeding the commissioners are acting as the representatives of the public, and not of a particular property owner abutting thereon. It is not a legal widening of an alley, within the purview of the statute, to leave, as in this case, the alley 10 feet wide north of lot C, and widen it beyond 10 feet north of lot D, and close the alley beyond. There is no authority in law for such a proceeding on the part of the commissioners. They are not proceeding with the consent of all the abutting property owners, nor does the act contemplated come within the terms or reason of the statute.

Considering the authority of the commissioners, under section 1608a of the Code, to close the alley west of the west line of lot D, defendants are in no better position. This section provides: "That if in the opening, extension, widening or straightening of an alley or minor street, or in the extension or widening of public streets or highways, an alley or part of an alley may have been, or may hereafter be, in the judgment of the said commissioners rendered useless or unnecessary, said commissioners are authorized to close the same."

It thus appears that the authority of the commissioners to close an alley depends either upon the presence of a petition signed by all the abutting property owners, or upon the discretion of the commissioners, when deemed necessary, in opening, extending, widening, or straightening an alley or minor street. Neither of these conditions are present in this case; hence the contemplated proceeding is totally without authority of law.

[4] The commissioners are without discretion in the premises. As was said in Fay v. MacFarland, 32 App. D. C. 295: "The commissioners are creatures of statute. They possess no implied powers. Their authority to act must be gathered from the express terms of the law granting it. Hence, in any attempt to act under a statute granting authority, they must comply literally with its requirements. Neither has the court any implied jurisdiction in the premises." In the absence, therefore, of any discretion, express or implied, on the part of the commissioners, it is manifest that the thing here sought to be done is without authority of law, and therefore void, and accordingly should be restrained.

The decree is reversed, with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.