**DOUGHERTY et al., Commissioners of District of Columbia, v. KEANE.**

No. 5123.

Court of Appeals of District of Columbia.

Argued May 6, 1931.

Decided June 1, 1931.

William W. Bride, of Washington, D. C., for appellants.

H. I. Quinn, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District overruling a motion by appellants (defendants below) to dismiss the bill, and directing appellants specifically to perform the contract to purchase certain land in Reservation Ten in the District.

The material averments of the bill are as follows: On September 16, 1929, appellants contracted to pay appellee $62,500 in cash for his land, and appellee agreed to deliver the property free of all incumbrances. Examination of the title disclosed that there was a lease, dated November 1, 1928, of part of the land; the lease being for the term of seven years and two months. One of the provisions of the lease is as follows: "It is understood and agreed by and between the parties to this lease that should the Government, at any time during the existence of said lease and before its expiration, condemn or buy said property, that the lease is null and void." Appellee is advised that the lease is terminated by reason of this provision, but that appellants refuse to pay because of the outstanding lease.

The motion to dismiss was based, inter alia, on want of necessary parties; that the lessee was not made a party to the cause; that the owner was not in a position to convey "free from all incumbrances"; and that the property is not being acquired by the "government," but by the District of Columbia.

It is settled law that a court of equity will not enter a decree in a cause until all necessary parties are before the court. Foltz v. Payne, 50 App. D. C. 155, 269 F. 671; Hyman v. Rudolph, 52 App. D. C. 105, 281 F. 1017. A decree "should terminate and not instigate litigation." Caldwell v. Taggart, 4 Pet. 190, 202, 7 L. Ed. 828.

In the present case, only one year of the seven-year term of the lease had expired. Counsel for appellants in their brief frankly state that, but for the failure to make the

lessee a party, appellants would have been satisfied with the decree. Not being a party, the lessee of course is not bound by the decree. Should the decree be affirmed, the District would be put to the hazard and expense of another suit to obtain possession of the property, a burden that in equity should be borne by appellee.

We think, therefore, that the decree should be reversed, with directions to the court below to permit appellee, if so advised, to make the lessee a party.

Reversed.