**John BARNARD et al., Appellants,**

v.

**The COMMISSIONERS OF the DISTRICT OF COLUMBIA, David Karrick, Robert E. McLaughlin, Brigadier General Thomas A. Lane, Appellees.**

**No. 13461.**

United States Court of Appeals District of Columbia Circuit.

Argued April 12, 1957.

Decided May 16, 1957.

---

Mr. John J. Dwyer, Washington, D. C., for appellants.

Mr. Hubert B. Pair, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, and Milton D. Korman, Principal Asst. Corp. Counsel, were on the brief, for appellees.

Before PRETTYMAN, WILBUR K. MILLER and WASHINGTON, Circuit Judges.

PER CURIAM.

Plaintiffs-appellants brought suit in the District Court seeking to enjoin the Commissioners of the District of Columbia from accepting the dedication of certain land for the widening of an alley, and from issuing permits for the construction of buildings along the alley as widened. The District Court granted summary judgment to defendants-appellees, and this appeal followed.

Plaintiffs-appellants, who are owners of certain property abutting on the other side of the alley, urge that the governing statute is Section 301 of Title 7, D.C.Code 1951, which authorizes the Commissioners to "open, extend, widen, or straighten alleys and minor streets", subject to certain conditions. Plaintiffs-appellants say that none of these conditions has been met. However, we think that Section 301 has no application to a voluntary dedication accepted by the Commissioners under authority of law. Compare Bailey v. Young, 1945, 80 U.S.App.D.C. 65, 149 F.2d 15.

In our opinion, the acceptance by the Commissioners of the dedicated land was permissible under D.C.Code § 7–303, 1951, which provides, in part:

"*The said commissioners are authorized to accept the dedication of an alley or alleys* and in connection therewith to close any existing alley or alleys in the square or block in which such dedication is made upon the application of the owners of all the property abutting on such existing alley or alleys. * * *" (Emphasis supplied.)

In a situation like the present, we think that the emphasized words are not to be read as subject to the phrase "upon the application of the owners of all the property abutting on such existing alley or alleys." The language last quoted seems to us to refer only to the closing of an alley or alleys already in existence, unless the dedication of new alley property is an integral part of a transaction whereby an existing alley is to be closed, as was the case in Compton v. Rudolph, 1926, 56 App.D.C. 211, 12 F.2d 152. No closure is involved in the present situation.

Plaintiffs-appellants also challenge the issuance of permits for the construction of dwellings along the alley, as widened. The pertinent rule of the Zoning Commission of the District is contained in Section XXII of the regulations, as amended, reading, in part, as follows:

> "Hereafter, no dwelling or other building to be used for habitation shall be erected on an alley lot unless the portion of the alley abutting such lot is thirty or more feet in width and, with such width, extends to and opens upon a street * * *."

It appears that the building permits here in question are for lots abutting a portion of the alley which is (after acceptance of the dedication) thirty feet wide and "with such width, extends to and opens upon a street." Certainly we cannot say on the present record that the action of the Commissioners in granting these building permits is contrary to the regulation.

We also note that the owner of the lots (who dedicated the land for widening the alley) has not been made a party to this action. Whether any sort of injunction could properly have been issued without joining him as a party is a serious question, though we do not reach it under our present disposition of the case. Cf. Balter v. Ickes, 1937, 67 App.D.C. 112, 89 F.2d 856; Hyman v Rudolph, 1922, 52 App.D.C. 105, 281 F. 1017.

The judgment of the District Court will accordingly be

Affirmed.