**DISTRICT OF COLUMBIA, Plaintiff,**

v.

**All of LOT 7, IN RESERVATION 11 Containing 3,750.0 Square Feet, and Unknown Owners, and Reservation Eleven Associates, et al., Defendants.**

**No. 36–65.**

United States District Court
District of Columbia.
Feb. 14, 1968.

Thomas C. Bell, Lyman J. Umstead, Matthew Mullaney, Asst. Corp. Counsel, Washington, D. C., for plaintiff.

F. Joseph Donohue, Joseph A. Kaufmann, Donohue, Kaufmann & Shaw, Joseph G. Dooley, Joseph M. Fries, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D. C., for defendants.

## MEMORANDUM OPINION

GESELL, District Judge.

At the further pretrial held in this matter on February 13, counsel for Reservation 11 made an additional proffer with respect to the alley question covered by the Court's Memorandum Oinpion of February 8. The Court's attention was directed to Title 7, Section 303, of the Code, captioned, "Alleys may be closed on dedication of new ones— Application of property owners—Future ownership of closed alleys—Plats recorded." Counsel for Reservation 11 contend that under this provision of the Code they should be entitled to present to the jury the possibility that under this provision the area now comprised of the alleys might be dedicated to the District of Columbia and an equal area, to stretch across the north end of the reservation, be dedicated in lieu of the alleys as property belonging to the District. It is suggested on authorities of Compton v. Rudolph, 56 App.D.C. 211, 12 F.2d 152 (1926) and Barnard v. Commissioners of District of Columbia, 100 App. D.C. 404, 246 F.2d 685 (1957) that the District, upon such an application, which has not been made, would be without discretion and required to accept the proposed realignment of the properties. Accordingly, it is urged that the possibility is sufficiently real and imminent to be taken into account by the jury, thus permitting Reservation 11 to value an office building constructed on the entire reservation, eliminating only the portion on the north to be dedicated to the District. If this eventuality were to occur a higher valuation for the property at time of taking could probably be demonstrated by expert testimony.

 This proffer is subject to the same infirmities indicated in the Court's prior decision in that any such application would have to be made against the long-standing prospect that the freeway would go through the property. The Court concludes that the District under Section 303 has a discretionary authority which it may or may not exercise if and when application is made and there is no reasonable possibility that this discretion would be exercised in favor of Reservation 11 under the circumstances. The District would not relocate the property in Reservation 11 owned by the United States so as to enable the owners to obtain a higher value for the land likely to be taken by condemnation. All of the prior proffer as to the alley questions and the arguments and exhibits presented by the parties have been considered in connection with the ruling on this additional proffer. Further, the Court concludes as a matter of law that Section 303 does not contemplate the total extinction of alleys to be substituted, in effect, by a parcel of open land. Accordingly, the proffered proof will not be received.