**W. Robert SCOTT and Louise Scott, Plaintiffs,**

v.

**Claude W. RUSSELL and Donna M. Russell, Lawrence I. Marcum and Mary B. Marcum, Kentucky Enterprise Federal Savings and Loan Association of Newport, a corporation, Defendants.**

No. 749.

United States District Court
E. D. Kentucky,
Covington Division.

Feb. 15, 1957.

Wise & Brose, Cincinnati, Ohio, for plaintiffs.

William R. Coen, Dayton, Ohio, Rodney Bryson, Covington, Ky., for defendants Claude W. Russell and Donna M. Russell.

Marshall Davenport, Somerset, Ky., for defendants Lawrence I. Marcum and Mary B. Marcum.

Fred B. Bassmann, Newport, Ky., for defendant Kentucky Enterprise Federal Savings & Loan Ass'n of Newport.

SWINFORD, District Judge.

This case was removed from the Kenton Circuit Court, Kenton County, Kentucky, and is before the court on the plaintiffs' motion to remand to the state court and on the motion of the defendants, Claude W. Russell and Donna M. Russell, to set aside the warning order process and to dismiss the complaint. I am of the opinion that the plaintiffs' motion to remand should be sustained and will therefore not consider the other motion as it is more properly to be entertained by the state court.

This is an equitable proceeding in which the plaintiffs pray the court to cancel certain deeds, mortgages and promissory notes and to restore the parties to the status quo which each enjoyed before the negotiations out of which the action arose. In addition the plaintiffs ask for a money judgment against the defendants, Claude W. Russell and Donna M. Russell, alleged to be a balance which those defendants owe the plaintiffs.

The complaint sets forth the following facts. On June 15, 1956, the plaintiffs entered into a contract with the defendants, Claude W. Russell and Donna M. Russell, for the purchase of a motel and restaurant in Pulaski County, Kentucky. At the time of the contract the property was encumbered in the sum of $35,000 secured by a vendor's lien in favor of the defendants, Lawrence I. Marcum and Mary B. Marcum. In compliance with the terms of the contract, the defendants, Claude W. Russell and Donna M. Russell, executed a deed for the motel and restaurant in Pulaski County to the plaintiffs. In consideration for the conveyance of this real property the plaintiffs assumed and agreed to pay the balance due on the vendor's lien which at that time was in the sum of $33,250. The plaintiffs further executed to the grantors a promissory note in the sum of $2,400 payable in monthly installments of $50 each (two installment payments totaling $100 with interest have been paid) and orally agreed to pay the sum of $1,000 in cash for certain inventory and stock represented by the sellers to be on the premises of the motel and restaurant. As further consideration the plaintiffs conveyed certain real estate in Kenton County, Kentucky, of the agreed value of $25,000. The Kenton County property at the time was encumbered by an indebtedness of $6,629.97, secured by a mortgage to the defendant, Kentucky Enterprise Federal Savings and Loan Association of Newport. The defendants, Claude W. Russell and Donna M. Russell, assumed and agreed to pay that amount.

As an additional condition of the contract and transaction the defendants, Claude W. Russell and Donna M. Russell, received certain personal property then on the premises of the Kenton County real estate, in exchange for which the defendants, Claude W. Russell and Donna M. Russell, gave to the plaintiffs certain personal property then on the Pulaski County real estate. Simultaneously with the execution of the deeds, the plaintiffs executed to the defendants, Claude W. Russell and Donna M. Russell, a real estate and chattel mortgage upon the Pulaski County realty and chattels as security for the payment of the vendor's lien retained by the defendants, Lawrence I. Marcum and Mary B. Marcum, and as security for the payment of the promissory note in the sum of $2,400. The plaintiffs further executed their

promissory note to the defendants, Claude W. Russell and Donna M. Russell, in the sum of $33,250 to bear interest at the rate of 5% per annum. This interest and indebtedness was to be amortized by quarterly payments.

On July 7, 1956, the defendants, Claude W. Russell and Donna M. Russell, paid the balance of $6,629.97 to the defendant, Kentucky Enterprise Federal Savings and Loan Association of Newport. They simultaneously borrowed $10,000 for which they executed a note to the loan association and secured it by a mortgage on the real estate which had been deeded to them by the plaintiffs.

It is alleged by the plaintiffs that they seek relief from their transactions and to be restored to their former ownership of their Kenton County property and for a cancellation of all the notes and obligations which they have executed and assumed and for a monetary judgment against the defendants, Claude W. Russell and Donna M. Russell, in the sum of $3,307.03, representing the difference between the $10,000 loan to the Russells and the balance owed by the plaintiffs on their original mortgage in favor of the defendant, Kentucky Enterprise Federal Savings and Loan Association of Newport, in the sum of $6,629.97.

The defendant, Kentucky Enterprise Federal Savings and Loan Association of Newport, filed an answer, cross complaint and counterclaim and asked for a foreclosure of its mortgage in satisfaction of the indebtedness.

The defendants, Lawrence I. Marcum and Mary B. Marcum, file their answer in which they pray that the cross complaint and counterclaim of the defendant, Kentucky Enterprise Federal Savings and Loan Association of Newport, be dismissed as to them.

28 U.S.C.A. § 1332 gives this court jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $3,000 exclusive of interest and costs and is between citizens of different states. Those facts must appear on the face of the complaint. The defendants who removed this case acknowledge that the plaintiffs and certain of the defendants are citizens of the State of Kentucky, but contend that the real controversy is between the plaintiffs, citizens of Kentucky, and the defendants, Claude W. Russell and Donna M. Russell, who are citizens of Ohio, and that the other defendants are neither necessary nor indispensable parties. In passing upon the motion to remand the real question is whether or not the mortgage holder and vendor's lien holders are indispensable parties.

The plaintiffs are asking the court to exercise its equitable power of cancellation and rescission of deeds of conveyance, a written contract, and oral agreements on the ground that the Russells made misrepresentations of material facts by which representations the plaintiffs were defrauded. The issue as between these parties is an issue of fact. If fraud was practiced within the meaning of the law and no other defense prevails, the plaintiffs should be granted the relief sought. This may appear to be a separate controversy within the meaning of 28 U.S.C.A. § 1441(c) which provides that if causes of action are separate and independent the court has jurisdiction. If the causes of action are not separate and independent the case must be remanded.

It is not possible to cancel the mutual deeds between the plaintiffs and the Russells without directly affecting the rights of the Marcums and the loan association. The Marcums hold a vendor's lien on the Pulaski County property and they have a right to demand payment of the obligors, who are now the plaintiffs. A court of equity should not force the holder of a vendor's lien, who has advanced credit to an individual, to accept as a creditor a stranger to the transaction. It is true the Russells are not in fact strangers to the Marcums as it was to the Marcums that the credit was originally advanced. Nevertheless, that was a voluntary arrangement on the part of the Marcums and not one forced upon them. It may be assumed that the Marcums acquiesced in the transfer of

the real estate to the plaintiffs. It may be that the Marcums prefer the Scotts as creditors. Their security rests in the value of the property to which the vendor's lien attaches but the ownership of the property is a circumstance and a right which the creditor, even though holding a lien against the rem, may have some voice in choosing. A court sitting in chancery should not say that the title to real estate impressed with a vendor's lien may be transferred from one owner to another on the assumption that the lien holder is not concerned.

The general rule seems well settled, both by Kentucky law and federal law, that in an action to rescind a contract all the parties to the contract are indispensable parties. From the allegations of the complaint the Marcums were parties to the contract which the plaintiffs seek to annul and are indispensable. Kentucky Natural Gas Corporation v. Duggins, 6 Cir., 165 F.2d 1011.

Notwithstanding the reasoning I have herein set out the question is not entirely free of doubt. There can, however, be no doubt that the defendant, Kentucky Enterprise Federal Savings and Loan Association of Newport, is an indispensable party. The plaintiffs are seeking to set aside a deed to real estate on which this defendant is seeking the foreclosure of a mortgage. As the record stands there is no privity of contract between the plaintiffs and the loan association. The credit for the $10,000 mortgage was advanced to the Russells. In the controversy the loan association is attempting to collect its debt by subjecting the collateral to the satisfaction of the debt.

In the case of Tug River Coal & Salt Co. v. Brigel, 6 Cir., 67 F. 625, the court said when on foreclosure of a mortgage judgment creditors and all persons interested are made parties, if any of them are citizens of the same state with the plaintiffs, the federal court has no jurisdiction.

In Shields v. Barrow, 17 How. 129, 130, 15 L.Ed. 158, it was stated that if only a part of those interested in the contract are before the court, a decree of rescission must either destroy the rights of those who are absent, or leave the contract in full force as to them, while setting it aside and restoring the contracting parties to their former condition as to those before the court. To this the court added: " 'We do not say that no case can arise in which this may be done; but it must be a case in which the rights of those before the court are completely separable from the rights of those absent, otherwise the latter are indispensable parties.' "

The above language is quoted in the more recent case of Warfield v. Marks, 5 Cir., 190 F.2d 178, 180.

In the case at bar the loan association holds a mortgage on the Kenton County real estate. How can it be said that this mortgage would not be materially affected if its mortgagors' deed were invalidated? The question of indispensable parties is primarily a matter of equity jurisprudence, especially where federal jurisdiction depends wholly upon diversity of citizenship. To sustain the prayer of the complaint would be to cancel the deed of the loan association's mortgagor. Consequently, any mortgage which the Russells gave to secure the $10,000 indebtedness might seriously affect the rights of the loan association. Calcote v. Texas Pac. Coal & Oil Co., 5 Cir., 157 F.2d 216, 167 A.L.R. 413.

I must conclude that the mortgagee is an indispensable party.

With reference to the question of separate controversy the rule laid down by the Supreme Court in American Fire & Casualty Company v. Finn, 341 U.S. 6, 71 S.Ct. 534, 540, 95 L.Ed. 702, is determinative:

"Considering the previous history of 'separable controversy,' the broad meaning of 'cause of action,' and the congressional purpose in the revision resulting in * * * 28 U.S.C.A. § 1441(c), we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked

series of transactions, there is no separate and independent claim or cause of action under § 1441(c)."

An order remanding this case to the Kenton County Circuit Court is this day entered.