[No. 42279-1-I.    Division One.    May 24, 1999.]

GREGG L. TINKER, *as Guardian*, ET AL., *Plaintiffs*, v. KENTUCKY FRIED CHICKEN OF CALIFORNIA, *Appellant*, KENT GYPSUM SUPPLY, INC., *Respondent*.[†]

[†]This opinion was reported in the advance sheets of the Washington Appellate Reports as GREGG L. TINKER, *as Guardian*, ET AL., *Plaintiffs*, KENTUCKY FRIED CHICKEN OF CALIFORNIA, *appellant*, v. KENT GYPSUM SUPPLY, INC., *Respondent*.

*Hackett, Beecher & Hart,* by *Geoffrey Douglas Patterson,* for appellant.

*Ogden Murphy Wallace, P.L.L.C.,* by *Phillip C. Raymond,* for respondent.

AGID, A.C.J. — Although Kentucky Fried Chicken has already settled the case underlying this appeal, it now asks us to reverse the summary judgment dismissal of its codefendant, Kent Gypsum Supply, Inc., so that it may bring a contribution claim against it. But because KFC never asserted a valid cross-claim against Kent Gypsum, it has no standing to contest the trial court's order. Accordingly, we affirm.

## FACTS

In July 1995, Kent Gypsum employee Jason Parker hit and seriously injured 11-year-old Adrian Fiala-Clark while Parker was driving a large flatbed truck along Central Avenue in Kent. Adrian's parents and guardian ad litem filed a negligence suit against the Central Avenue Kentucky Fried Chicken (KFC) restaurant, alleging that its careless positioning of a water sprinkler on the restaurant's front lawn forced Adrian into incoming traffic to avoid getting wet. In its answers to the plaintiffs' interrogatories, KFC asserted that "the driver of the vehicle involved in the accident was at fault." Because of this discovery response, plaintiffs amended their complaint to include Kent Gypsum as a codefendant. Kent Gypsum, in its answer to the

amended complaint, asserted a contingent cross-claim against KFC which reserved a contribution right against KFC in the event that Kent Gypsum was found liable for Adrian's injuries. KFC did not answer this cross-claim or assert its own cross-claim against Kent Gypsum at that time. On March 20, 1997, all parties signed a confirmation of joinder which provided that "no additional claims or defenses will be raised."

In June 1997, the trial court granted Kent Gypsum's motion for summary judgment, as well as a related motion by the plaintiffs to strike KFC's "affirmative defense regarding the responsibility of other entities." The trial court denied KFC's motion for reconsideration. KFC sought discretionary review of these orders, but this court denied its motion. A week before the scheduled trial date, the plaintiffs and KFC settled, and the trial court approved the settlement[1] in an order reciting that it did "not apply to or affect any claims by defendant Kentucky Fried Chicken for contribution against defendant Kent Gypsum Supply, Inc." On March 10, 1998, KFC appealed the June 1997 summary judgment order, and over a month later, served Kent Gypsum with an answer to Kent Gypsum's contingent cross-claim and a cross-claim of its own.

## DISCUSSION

KFC urges this court to undertake a de novo review of the record to determine whether the trial court's order dismissing Kent Gypsum was appropriate. KFC argues that if the trial court's order is overturned, "KFC may still seek contribution from Kent Gypsum Supply despite KFC's settlement." But as Kent Gypsum points out, this argument overlooks a considerable standing hurdle.[2] King County Local Rule 4.2(a)(1) provides that after all the

---

[1]Court approval is necessary when settlements involve minors.

[2]KFC "objects to any appellate rendering" of the procedural issue and has moved to strike Kent Gypsum's standing arguments on the theory that they violate RAP 9.12 by introducing facts, arguments, and issues which were not raised in the summary judgment proceeding. It is difficult to imagine how an

parties to a case sign a confirmation of joinder, "[n]o additional parties may be joined, and no additional claims or defenses may be raised . . . unless the court orders otherwise." In addition, federal courts construing the federal cross-claim rule identical to Washington's have recognized that "[a] cross-claim cannot be asserted against a party who was dismissed from the action previous to the assertion of the cross-claim."[3] By March 20, 1997, the date of the joinder confirmation in this case, KFC had raised an affirmative defense indirectly alleging that Kent Gypsum may have contributed to Adrian's injuries, but it had not asserted a cross-claim against Kent Gypsum. In fact, KFC did not file an answer to Kent Gypsum's cross-claim and a cross-claim of its own until nine months after Kent Gypsum was dismissed and one month after it filed this appeal. The cross-claim and answer requested dismissal of Kent Gypsum's cross-claim with prejudice and "that cross-claimant KFC be awarded judgment based on its claim for contribution and indemnity . . . ." This cross-claim, filed without court authority against a nonparty, was invalid. The initial issue, then, is whether KFC can appeal the dismissal of Kent Gypsum from the plaintiffs' original claim without itself being a party-plaintiff to those claims.

RAP 3.1 provides that "[o]nly an aggrieved party may seek review by the appellate court." An aggrieved party is one who has a "present, substantial interest, as distinguished from a mere expectancy, or . . . contingent interest" in the subject matter.[4] Although no Washington case addresses the specific issue of whether a defendant has standing to contest the dismissal of a codefendant against whom the defendant has not cross-claimed, KFC's interest

argument concerning the jurisdictional propriety of the appeal itself could exceed its permissible scope. KFC's motion to strike is denied.

[3]*Glaziers & Glassworkers Union Local 252 Annuity Fund v. Newbridge Sec., Inc.*, 823 F. Supp. 1188, 1190 (E.D. Pa. 1993).

[4]*Primark, Inc. v. Burien Gardens Assocs.*, 63 Wn. App. 900, 907, 823 P.2d 1116 (1992). And as the Washington Supreme Court has stated, "[t]he mere fact that one may . . . be disappointed over a certain result . . . does not entitle him to appeal. He must be 'aggrieved' in a legal sense." *State ex rel. Simeon v. Superior Court*, 20 Wn.2d 88, 90, 145 P.2d 1017 (1944).

in the summary judgment proceeding was neither present nor substantial, as evidenced by its failure to contest Kent Gypsum's summary judgment motion in any meaningful way. KFC has never asserted a legitimate cross-claim against Kent Gypsum. While it may have hoped that a jury would eventually apportion liability between the two, this hope was contingent on several factors over which KFC had no control. Because it did not assert a cross-claim when it had ample opportunity to do so, KFC cannot now argue that it has a *cognizable* interest in Kent Gypsum's dismissal from this case.

Federal courts consistently recognize that "[a] party cannot appeal from a judgment entered in favor of a nonadverse party . . . ."[5] After observing that "[i]t is hornbook law that 'a party may only appeal to protect its own interests, and not those of a coparty,' "[6] the Ninth Circuit held in *Morrison-Knudsen Co. v. CHG International, Inc.* that a "co-defendant[] may not appeal the dismissal of an additional defendant from [the plaintiff's] original claims, without itself being a party-plaintiff to those claims."[7] And in *Justice v. CSX Transportation,* the Seventh Circuit reached the same conclusion when the estate of a man killed in a train accident sued CSX Transportation, Amtrak, and the Farm Bureau, and the trial court dismissed the claim against the Farm Bureau on summary judgment. The railroads settled with the plaintiffs before the trial but contended on appeal that the summary judgment dismissal

---

[5]*Justice v. CSX Transp., Inc.*, 908 F.2d 119, 125 (7th Cir. 1990) (citing *Morrison-Knudsen Co. v. CHG Int'l, Inc.*, 811 F.2d 1209, 1214 (9th Cir. 1987); *United States v. Western Elec. Co.*, 797 F.2d 1082, 1092 (D.C. Cir. 1986), *cert. denied*, 480 U.S. 922 (1987); *Bryant v. Technical Research Co.*, 654 F.2d 1337, 1343 (9th Cir. 1981). Because the federal rules of civil procedure do not significantly differ from Washington's cross-claim and joinder rules, we use federal cases construing similar rules as persuasive authority. *See American Discount Corp. v. Saratoga W., Inc.*, 81 Wn.2d 34, 499 P.2d 869 (1972).

[6]*Morrison-Knudsen Co.*, 811 F.2d at 1214 (quoting *Libby, McNeill, & Libby v. City Nat'l Bank*, 592 F.2d 504, 511 (9th Cir. 1978)).

[7]811 F.2d 1209, 1214 (9th Cir. 1987) (citing *Bryant v. Technical Research Co.*, 654 F.2d 1337, 1343 (9th Cir. 1981)). The court further observed that an "indirect financial stake in another party's claims is insufficient to create standing on appeal." *Id.*

of the Farm Bureau was error. The Seventh Circuit noted that it did not have jurisdiction over this claim because the settling defendant had not filed a cross-claim against the dismissed defendant:

> The railroads were brought into this case by the plaintiff, and could have filed a cross-claim under Fed.R.Civ.P. 14(a) against the bureau, seeking indemnification in the event that they were forced or agreed to pay the whole or any part of the plaintiff's claim; and then their presence in the case would have survived their settlement with the plaintiff. But they did not file a cross-claim. Their only status in the case was as defendants. When they settled with the plaintiff they resolved the only contest in which they were involved.
>
> . . . .
>
> . . . A party cannot appeal from a judgment entered in favor of a nonadverse party, and having failed to file a cross-claim against the farm bureau the railroads were not adversaries of the bureau and could not appeal from the judgment in its favor.[8]

The same reasoning applies here. Because KFC was not a party-plaintiff in any claim against Kent Gypsum, it lacks a present and substantial interest in the subject matter of the summary judgment order and has no standing to appeal Kent Gypsum's dismissal. Only the plaintiffs, who did not name Kent Gypsum in their original complaint and who "essentially joined" in Kent Gypsum's motion for summary judgment, could have appealed the trial court's order. Unfortunately for KFC, they chose not to do so.

Affirmed.

BAKER and ELLINGTON, JJ., concur.

Review denied 139 Wn.2d 1008 (1999).

---

[8]*Justice v. CSX Transp., Inc.*, 908 F.2d 119, 125 (7th Cir. 1990) (citations omitted).