**EMC MORTGAGE CORPORATION, et al., Appellants,**

v.

**Patricia PATTON, et al., Appellees.**

**Nos. 11–CV–976, 11–CV–1291.**

District of Columbia Court of Appeals.

Argued Nov. 28, 2012.
Decided April 11, 2013.

Michael R. Sklaire, McClean, with whom Thomas J. McKee, Jr. was on the brief, for appellants.

Ian Stumpf, Washington, for appellees.

Before GLICKMAN, THOMPSON, and McLEESE, Associate Judges.

McLEESE, Associate Judge:

Appellant J.P. Morgan Chase Bank ("JPMC") contends that the trial court erroneously invalidated a deed of trust now held by JPMC even though JPMC's predecessor in interest was not a party to the litigation at the time of the trial court's ruling. We agree, and therefore reverse and remand for further proceedings.

## I.

This case arises out of a real-estate transaction that was subsequently determined to be fraudulent. Because the rather complex factual circumstances of the fraudulent transaction are not presently germane, we provide only a brief summary. For current purposes, the parties do not appear to dispute the following. In 2004, appellee Sterling Watts leased the real property at issue to appellee Patricia Patton, and also granted her an option to buy the property. In 2005, representatives of a property-management company persuaded Mr. Watts and Ms. Patton to sell the property. The company assured Mr. Watts that it would use mortgage-loan proceeds from the sale of the property to extinguish Mr. Watts's debts, and that Mr. Watts would be allowed to repurchase the home within a year. Relying on the company's representations, Mr. Watts agreed to execute a deed of sale conveying title to the property to appellee Gretha Jenkins, who, as an "investor" in the scheme, would obtain a mortgage loan that far exceeded Mr. Watts's financial needs.

The company submitted a false loan application to Fremont Investment & Loan Corp., which provided nearly $700,000 in financing for the underlying mortgage transaction. A promissory note was executed requiring Ms. Jenkins to repay Fremont. Mr. Watts also executed a deed of sale conveying title to the property to Ms. Jenkins. In turn, a deed of trust was executed, conveying the property from Ms. Jenkins to Fremont as trustee, to secure the promissory note.[1] Ms. Jenkins, however, was not present at the closing and did not sign or authorize anyone to sign the settlement documents. Rather, Ms.

---

1. Although the parties at times refer to two deeds of trust, only one deed of trust relating to this transaction appears in the record. We therefore use the singular in this opinion.

Patton signed Ms. Jenkins's name on the settlement documents, later claiming that she was instructed to do so and was falsely informed that Ms. Jenkins had executed a power of attorney authorizing Ms. Patton to sign on Ms. Jenkins's behalf.

The owner of the property-management company eventually pleaded guilty to conspiracy to make false statements to financial institutions. Although Ms. Jenkins had obtained title to the property, she never made payments on the mortgage. Ms. Patton continued to reside at the property and made at least some mortgage payments.

JPMC, as successor in interest to appellant EMC Mortgage Corporation ("EMC"), which in turn was a successor in interest to Fremont, is the holder in due course of the deed of trust for the property, as well as the promissory note signed by Ms. Jenkins and secured by the deed of trust.

In April 2010, Ms. Patton and Mr. Watts filed suit against Ms. Jenkins and EMC, alleging that the sale had been induced by fraud and that Ms. Jenkins's signature on the deed of trust had been forged. Ms. Patton and Mr. Watts asked the trial court to quiet title to the property in their favor and to cancel the deed of sale and the deed of trust.

EMC filed a motion to dismiss, arguing that the action was time-barred under the three-year statute of limitations applicable to claims of fraud and forgery. The trial court agreed and dismissed the action against EMC. Ms. Jenkins subsequently filed a motion to dismiss and for summary judgment, arguing among other things that the action was time-barred and that the trial court's prior ruling on that issue in EMC's favor was the law of the case. The trial court granted summary judgment to Ms. Jenkins on the alternative ground that Ms. Jenkins was not involved in fraudulently inducing the transaction or in forging the financial instruments at issue. The trial court did not address Ms. Jenkins's argument that the action was time-barred. Although it had ruled in favor of both of the defendants participating in the litigation,[2] the trial court also granted relief in favor of Ms. Patton and Mr. Watts. Specifically, the trial court declared the deed of sale and "all related documents" void ab initio.[3] In its order, the trial court noted that "there may be others that have an interest in the property that is not voided by the underlying fraud" who could be adversely affected by the court's ruling. The court further noted that "[t]hose parties and/or interest are not before the Court in this case."

Less than a month after judgment was entered, JPMC, as successor in interest to EMC, moved to intervene, in order to seek relief from the trial court's order vacating the mortgage documents. JPMC contended that the trial court's order clouded title to the property and created an ambiguity as to whether its interest in the property had been extinguished. The trial court denied JPMC's motion to intervene as untimely, concluding that JPMC could not reenter the case because its predecessor in interest had been a party but had chosen to seek dismissal rather than to remain in the case to protect its interests. JPMC's predecessor in interest noted a timely ap-

---

2. Another defendant, Old Line Title & Escrow, LLC, was named in the amended complaint, but there is no indication that it was properly served or otherwise participated in the litigation.

3. By its terms, the trial court's order appears to invalidate not only the deed of sale and the deed of trust, but also the related promissory note. We hereinafter refer to all of those documents as "the mortgage documents."

peal from the trial court's order declaring the mortgage documents void ab initio (No. 11–CV–976) and JPMC noted a timely appeal from the trial court's order denying its post-judgment motion to intervene (No. 11–CV–1291).[4]

## II.

In the first instance, Ms. Patton and Mr. Watts contend that JPMC does not have standing to seek review of the trial court's order declaring the mortgage documents void ab initio, because (1) JPMC was not a party to the action at the time judgment was entered; and (2) JPMC's predecessor abandoned the opportunity to protect its interests, by successfully seeking dismissal from the action, and therefore JPMC cannot claim to be "aggrieved" by the trial court's ruling. We are not persuaded by these arguments. This court has previously permitted entities that were not a party to proceedings in the trial court but were aggrieved by a ruling of the trial court to intervene for purposes of pursuing an appeal. *See, e.g., United States v. Chesapeake & Potomac Tel. Co.*, 418 A.2d 114, 116 (D.C.1980); *Simon v. Circle Assocs., Inc.*, 753 A.2d 1006, 1010 (D.C.2000). For reasons explained more fully infra, we conclude that JPMC was aggrieved by the trial court's order and that JPMC should be permitted to intervene on appeal for purposes of challenging the trial court's entry of that order at a time when JPMC was not a party to the litigation.

## III.

JPMC argues that the trial court violated the requirements of Rule 19 of the Superior Court Rules of Civil Procedure, by invalidating the mortgage documents at a time when JPMC, an indispensable person, was not a party to the litigation.[5] Ms. Patton and Mr. Watts argue in response that JPMC's argument (1) is foreclosed because JPMC's predecessor in interest successfully sought to be dismissed from

---

4. Appellees contend that the notice of appeal in No. 11–CV–976 was untimely, but we conclude to the contrary. The order vacating the mortgage documents was filed on July 1, 2011. The notice of appeal was filed on August 1, 2011. Although that was 31 days after the filing of the order being appealed from, the appeal was timely under D.C.App. R. 26(a)(3) because July 31, 2011, was a Sunday.

5. In pertinent part, Rule 19 provides:
   **(a) Persons to Be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the Court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the Court shall order that the person be made a party. . . .
   **(b) Determination by Court Whenever Joinder Not Feasible.** If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the Court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the Court include: First, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; 2nd, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; 3rd, whether a judgment rendered in the person's absence will be adequate; 4th, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

the litigation, rather than remaining in the case to protect its interests; (2) at best, is subject to the plain-error standard of review, because the argument was not raised in the trial court; and (3) lacks merit, because JPMC was not indispensable and because JPMC's interests were adequately represented by Ms. Jenkins. We conclude that JPMC's argument is not foreclosed, that our review is for abuse of discretion rather than plain error, and that it was error to invalidate the mortgage documents at a time when JPMC was not a party to the litigation.

## A.

■ This court generally reviews claims arising under Rule 19 for abuse of discretion. *See, e.g., American Univ. v. District of Columbia Educ. Licensure Comm'n,* 930 A.2d 200, 207–08 (D.C.2007) (trial court's failure to join indispensable person under Rule 19 reviewed for abuse of discretion); *District Cablevision Ltd. P'ship v. McLean Gardens Condo. Unit Owners' Ass'n,* 621 A.2d 815, 816 (D.C.1993) (applying abuse-of-discretion standard to trial court's decision to require joinder of indispensable person). As Ms. Patton and Mr. Watts emphasize, however, this case arises in an unusual posture. JPMC's predecessor in interest was originally a party to this action, and was dismissed from the action on its own motion. Ms. Patton and Mr. Watts argue that JPMC therefore should not be heard to complain that the trial court erred by granting relief in JPMC's absence. Although this argument has some surface appeal, we ultimately do not find it persuasive.

■ Ms. Patton and Mr. Watts do not invoke the doctrine by name, but their argument in substance appears to rest on the "invited error" doctrine. Under that doctrine, a party generally is precluded from asserting as error on appeal an action that the party caused the trial court to take. *See District of Columbia v. Wical Ltd. P'ship,* 630 A.2d 174, 183 (D.C.1993). At first blush, the doctrine seems potentially applicable here, given that JPMC's predecessor in interest asked to be dismissed from the case but JPMC now contends that the trial court erred in granting relief to Ms. Patton and Mr. Watts in JPMC's absence. We do not believe, however, that the action of JPMC's predecessor in interest in obtaining dismissal in this case can fairly be said to have caused the trial court to later extinguish JPMC's interests in JPMC's absence. The trial court granted the motion to dismiss filed by JPMC's predecessor in interest on the basis of a statute-of-limitations defense that logically seemed to preclude invalidation of the mortgage documents at issue. Specifically, the trial court concluded that by 2005 Ms. Patton and Mr. Watts reasonably should have been aware of the factual basis for their claims of fraud and forgery. Because the complaint was not filed until 2010, the trial court found the action against JPMC's predecessor in interest to be time-barred under the applicable three-year statute of limitations.[6]

A ruling that Ms. Patton and Mr. Watts waited too long to seek invalidation of the mortgage documents would logically seem to prevent the trial court from later in the same case invalidating those same documents. It was therefore quite reasonable for JPMC, relying both on the nature of the relief its predecessor in interest had obtained and on the principles underlying Rule 19, to expect that the trial court would not grant relief gravely adverse to JPMC's interests without first bringing

---

6. The trial court also concluded that Ms. Patton and Mr. Watts failed to allege with particularity any wrongdoing on the part of JPMC's predecessor in interest.

JPMC back into the litigation. In fact, however, the trial court's ultimate ruling invalidating the mortgage documents left JPMC in the position of having no security for its loan to Ms. Jenkins of nearly $700,000. Under these circumstances, we conclude that JPMC did not invite the error about which it now complains.

We do not view this case as comparable to those in which other courts have applied the invited-error doctrine to prohibit a party from explicitly taking one position in the trial court on a Rule 19 issue but then attempting to take a contradictory position on appeal. *See, e.g., Nowlin v. Davis,* 245 Ga.App. 821, 538 S.E.2d 900, 901 (2000) (plaintiff who moved to dismiss suit on ground that indispensable person was absent cannot later claim that court's decision to add person was error, where addition of person was expressly invited by plaintiff); *International Travelers Cheque Co. v. BankAmerica Corp.,* 660 F.2d 215, 223–24 (7th Cir.1981) ("[A]lthough [appellant] now argues that [appellee] is not an indispensable party, the trial court expressly relied on [appellant's] earlier, specific concession that [appellee] was an indispensable party...."; "[Appellant's] new belief that [appellee] is not an indispensable party comes too late. It is well settled law that a party cannot complain of errors which it has committed, invited, induced the court to make, or to which it consented.").

This case is also quite different from the cases upon which Ms. Patton and Mr. Watts rely. *See Stutsman v. Kaiser Found. Health Plan of Mid–Atlantic States, Inc.,* 546 A.2d 367, 371 (D.C.1988) (upholding trial court order dismissing wrongful-death action on ground that action was precluded by earlier denial of relief, and declining to consider merits of earlier denial of relief because appellant failed to take proper appeal from earlier order); *Tinker v. Kent Gypsum Supply, Inc.,* 95 Wash.App. 761, 977 P.2d 627, 629 (1999) (defendant that settled with plaintiff and failed to assert valid cross-claim against former codefendant was not permitted to challenge on appeal order granting summary judgment in favor of former codefendant); *Fernandes v. Limmer,* 663 F.2d 619, 636 (5th Cir.1981) (airlines with leasehold interest in air-terminal buildings were not indispensable persons in action asserting First Amendment right to distribute literature and distribute funds in buildings; court notes that district court "invited the airlines to join the litigation, but they refused").

In sum, JPMC has not "assert[ed] one theory at trial and another theory on appeal." *D.D. v. M.T.,* 550 A.2d 37, 48 (D.C. 1988) (internal quotation marks omitted). Rather, JPMC raises a new challenge to a decision of the trial court that was not reasonably foreseeable in light of the trial court's decision to dismiss the case against JPMC's predecessor in interest on statute-of-limitation grounds.

### B.

Ms. Patton and Mr. Watts also contend that JPMC's Rule 19 claim should in any event be reviewed for plain error, because that claim is being raised for the first time on appeal. This court has previously applied the abuse-of-discretion standard to a claim, raised for the first time on appeal, that the trial court erroneously granted relief in the absence of an indispensable person. *See, e.g., American Univ.,* 930 A.2d at 207–09 (reversing judgment because, among other things, trial court abused discretion by granting relief in absence of indispensable person; absence of indispensable person raised for first time on appeal). *See generally Graves v. Graves,* 51 A.3d 521, 528 n. 13 (D.C.2012) ("there is broad consensus among courts

[and commentators] interpreting the counterpart Rule 19 of the Federal Rules of Civil Procedure ... that even where [t]he indispensable party issue was not raised in the trial court or by the parties on appeal ... this issue is not waivable") (internal quotation marks omitted).[7] We see no basis for taking a different approach in the present case.[8] Accordingly, we review JPMC's claim under an abuse-of-discretion standard.

## C.

██ Rule 19(b) precludes a trial court from granting relief in the absence of an indispensable person. A person is indispensable if, for example, the person "claims an interest relating to the subject of the action"; permitting the action to go forward in the person's absence "may as a practical matter impair or impede the person's ability to protect that interest"; and "in equity and good conscience" the action should not proceed in the person's absence. Super. Ct. Civ. R. 19(a)(2)(i), 19(b). *See also Brown v. Christman,* 75 U.S.App. D.C. 203, 209 n. 23, 126 F.2d 625, 631 n. 23 (1942) (defining "indispensable party" as "one having an interest in the controversy of such a nature that a final decree cannot be made without affecting that interest" and as "[a]ll whose interests will be affected by the decree, that is, all persons mate-

rially interested either legally or beneficially in the subject matter of the suit") (internal quotation marks omitted).

██ We conclude that JPMC was indispensable. The amended complaint asked the trial court to "[c]ancel the deed [of sale and] ... the deed[ ] of trust held by [JPMC's predecessor in interest] and any other mortgagee." The validity of the deed of sale and the deed of trust held by JPMC's predecessor in interest therefore "was at the center of the Superior Court dispute and [one of] the very reason[s] why [Ms. Patton and Mr. Watts] filed a complaint in the Superior Court seeking ... relief." *District of Columbia v. American Univ.,* 2 A.3d 175, 184 (D.C.2010) (internal quotation marks omitted).

██ It is well settled, both in this jurisdiction and others, that a holder of an interest in real property is indispensable when a judgment could destroy or substantially impair the interest at issue. *See, e.g., Graves,* 51 A.3d at 526–28 (father who co-owned real property with daughter was indispensable to divorce action in which trial court equitably distributed 50% interest in property to daughter's ex-husband; "precluding the distribution of property owned in part by a third party in that party's absence is the general rule");

7. Rule 19 and the corresponding federal rule are substantially identical, and we therefore "look to authorities interpreting the federal rule." *Raskauskas v. Temple Realty Co.,* 589 A.2d 17, 20 n. 2 (D.C.1991). *See also Leeks v. Leeks,* 316 A.2d 859, 861 n. 3 (D.C.1974) ("[Rule 19 is] [i]dentical to Fed.R.Civ.P. 19 except the last sentence of paragraph (a) of the federal rule, as to venue, is omitted.").

8. We note, moreover, that the Rule 19 issue was brought to the attention of the trial court by counsel for Ms. Jenkins, who asked during a hearing "how ... the Court [could] rule under [R]ule 19 in the absence of [JPMC's predecessor in interest] and just wipe out

[$700,000] worth of notes without ... giving the bank an opportunity to speak." The trial court at that time suggested that JPMC would have the opportunity to challenge the trial court's ruling. The trial court also reflected an awareness of Rule 19 concerns in the order in which it invalidated the mortgage documents, stating that, "Counsel[ ] for Defendant Jenkins noted at oral argument that the Court's ruling as to the deed could adversely affect other parties or entities. Indeed, there may be others that have an interest in the property that is not voided by the underlying fraud. Those parties and/or interest are not before the Court in this case."

*Foltz v. Payne,* 50 App.D.C. 155, 156, 269 F. 671, 672 (1920) (mortgagee was indispensable to action that would deprive mortgagee of equitable right in land); 7 Charles Alan Wright, Arthur Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1621, at 334–36 (3d ed. 2001) ("A party who seeks to quiet title to a piece of land must join all known persons who are claiming title in order to settle the property's ownership without additional litigation. Plaintiff also may be required to join those persons who hold liens that encumber the property, such as the holders of ... mortgages, ... when the value of their security interests is threatened.") (footnotes omitted); *cf.* D.C.Code § 47–1371(b)(1)(E) (2005) (stating that defendants in action to foreclose right of redemption shall include "[a]ny mortgagee of the real property"). Moreover, in cases such as this, involving actions to set aside conveyances of real property on grounds of fraud, courts have concluded that entities holding a financial interest in the property are indispensable. *See, e.g., Diamond Heights Village Ass'n, Inc. v. Financial Freedom Senior Funding Corp.,* 196 Cal.App.4th 290, 126 Cal.Rptr.3d 673, 683 (2011) (in action to set aside transfer of property on grounds of fraud, error for court to void party's security interest in property, where party had not been named as defendant on claim upon which trial court relied in granting relief, and where final judgment had already been entered in party's favor); *Scott v. Russell,* 149 F.Supp. 48, 50–51 (E.D.Ky.1957) (in action to cancel deed of conveyance and written contract on grounds of fraud, loan association seeking to foreclose on property was indispensable because it was not possible to cancel deed without directly affecting association's rights).[9]

▪ Finally, Ms. Patton and Mr. Watts argue that Ms. Jenkins, in taking the position that the deed of sale was valid, adequately represented JPMC's interests. We do not view Ms. Jenkins as an adequate representative of JPMC's interests. Ms. Jenkins did have an interest in upholding the validity of the deed of sale in her favor, and she attempted to advance that interest in the trial court, filing a cross-claim seeking possession of the property and payment of rent. Ms. Jenkins also had an interest in defending her conduct, which she pursued in the trial court, arguing that she personally had committed no fraud. Ms. Jenkins had no particular motive, however, to defend the validity of the deed of trust and the promissory note, which together made the property security for a note that on its face obliged her to pay approximately $700,000 to JPMC. Unsurprisingly, Ms. Jenkins did not focus her efforts on defending the validity of the deed of trust or the promissory note, limiting herself to noting in passing that JPMC's predecessor in interest had an interest in the issue. And when Ms. Jenkins did make brief mention of that interest, the trial court refused to consider the issue, stating, "You don't represent the bank. If the bank wants to challenge my ruling, they can do that...."

In sum, although there was some overlap between Ms. Jenkins's interests and those of JPMC, there also was substantial divergence. Indeed, JPMC advances on appeal a number of legal arguments regarding the validity of the deed of trust that were not presented to the trial court by Ms. Jenkins, which provides further

---

9. Rule 19 requires the trial court to "order that [an indispensable person] be made a party if feasible." *Raskauskas,* 589 A.2d at 20 (internal quotation marks omitted). It would clearly have been feasible to bring JPMC back in to the litigation before invalidating the mortgage documents.

evidence that Ms. Jenkins did not fully defend JPMC's interests. *Cf., e.g., Calvin–Humphrey v. District of Columbia,* 340 A.2d 795, 801 (D.C.1975) (under Super. Ct. Civ. R. 24(a)(2), rejecting argument that District of Columbia adequately represented interests of particular taxpayer; noting that, "The United States Court of Appeals for the District of Columbia Circuit has found inadequate representation where the [absent person] wants to assert a different or additional ground in support of the representative's position, . . . or to represent a narrower interest, . . . or a broader interest . . . than does the original party.").[10]

## IV.

In sum, we conclude that the trial court abused its discretion by invalidating the mortgage documents in JPMC's absence. We therefore vacate the judgment of the trial court and remand for further proceedings.[11]

*So ordered.*

---

**10.** Ms. Patton and Mr. Watts rely primarily on three cases in support of their argument that Ms. Jenkins was an adequate representative of JPMC's interests, but we do not find those cases comparable to this case. *See American Univ.,* 2 A.3d at 185 (finding that college served as adequate representative of its agent, where interests of college and agent "are for all intents and purposes identical"); *Vale Props., Ltd. v. Canterbury Tales, Inc.,* 431 A.2d 11, 15 (D.C.1981) (finding adequate representation under Super. Ct. R. 24(a)(2), where defendants and proposed intervenor had "identity of interests"); *Ramah Navajo Sch. Bd., Inc. v. Babbitt,* 318 U.S.App.D.C. 329, 343, 87 F.3d 1338, 1352 (1996) (United States was adequate representative of Indian tribes that were potential beneficiaries of federal funds, where there was no conflict between interests of United States and Indian tribes, towards whom United States had trust obligation).

**11.** JPMC argues on appeal that the trial court erred on the merits in declaring the mortgage documents void ab initio. We do not reach those arguments, viewing them as more appropriately resolved by the trial court on remand. In addition, because we grant relief on direct review in Appeal No. 11–CV–976, we need not and do not address the question, raised in Appeal No. 11–CV–1291, whether the trial court erred in refusing to permit JPMC to intervene post-judgment for purposes of seeking relief from judgment in the trial court.