IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| BELLEVUE FARM OWNERS ASSOCIATION, a Non-profit Corporation; LAUREN BARRETT and WILLIAM BARRETT, husband and wife respectively, trustees of the Laurie Barrett Residential Trust and of the Bill Barrett Residential Trust; WEBSTER AUGUSTINE III, an individual; HOOPOE LLC, a Washington Limited Liability Company; GIGI BIRCHFIELD and MARK BAUTE, husband and wife; TIMOTHY DOHERTY and CHRISTINE DOHERTY, husband and wife; GLEN CORSON and KIM KYLLO-CORSON, husband and wife; JANTANA KUPPERMANN and BARUCH KUPPERMANN, husband and wife; RODNEY SMITH and MARY MARGARET SMITH, husband and wife; MATTHEW STRAIGHT and VERONICA STRAIGHT, husband and wife; TOM TUCCI and DIANE TUCCI, husband and wife; and DANA PIGOTT, an individual, | No. 79430-2-I (Consolidated with No. 794329) DIVISION ONE UNPUBLISHED OPINION |
| Appellants/Cross-Respondents, | |
| v. | |
| CHAD STEVENS and JANE DOE STEVENS, husband and wife; and PETE FINDLEY and JANE DOE FINDLEY, husband and wife, | |
| Respondents/Cross-Appellants, | |
| CASCADE MOUNTAIN RENTALS LLC, a Washington Limited Liability Company; ROBERT STEVENS, an individual, and DOES 1 to 10, Inclusive, | |
| Defendants. | FILED: February 10, 2020 |

CHUN, J. — After the trial court entered final judgment, Bellevue Farm Owners Association (BFOA) filed a motion for discovery sanctions against Chad Stevens, who opposed it as untimely. The trial court determined that excusable neglect warranted reopening the final judgment under both CR 59(h) and CR 60(b) in order to address the motion. The Discovery Master heard BFOA's motion and imposed sanctions on Stevens's lawyer. Stevens asked the trial court to review the Discovery Master's ruling. The trial court reviewed the ruling for an abuse of discretion and vacated two of the seven sanctions.

BFOA appeals the trial court's decision to vacate the two sanctions. Stevens cross-appeals, arguing that the trial court erred by reopening the final judgment and that it applied the wrong standard when reviewing the Discovery Master's order.

We determine that Stevens cannot appeal the order reopening the final judgment or awarding sanctions because he is not an aggrieved party. As such, only the two sanctions appealed by BFOA are properly before us. With regard to those sanctions, we conclude that the trial court did not abuse its discretion by vacating them. We affirm.

## I. BACKGROUND

In 1991, the original owners of the Friday Harbor Bellevue Farm property, who owned the waterfront portion of the property as tenants in common, recorded a "Grant Deed of Conservation Easement." Bellevue Farm Owners

Ass'n v. Stevens, 198 Wn. App. 464, 467, 394 P.3d 1018 (2017) (BFOA I).[1] The owners recorded a short plat to create four lots and a common waterfront in 1994. BFOA I, 198 Wn. App. at 467. In 1997, BFOA recorded a declaration of protective covenants, conditions, and restrictions (CC&Rs). BFOA I, 198 Wn. App. at 467. In 2005, Stevens purchased 10 acres of waterfront property in the Bellevue Farm plat. BFOA I, 198 Wn. App. at 467.

In September 2012, BFOA filed a lawsuit against Stevens, alleging that he had violated its CC&Rs. BFOA I, 198 Wn. App. at 467. Stevens, in turn, asserted claims against BFOA, BFOA board members, and other property owners (collectively, BFOA)—totaling 19 parties. BFOA I, 198 Wn. App. at 467-68.

On December 20, 2013, the trial court appointed a Discovery Master pursuant to CR 53.3. In October 2017, the Discovery Master advised the parties to file any motions for sanctions after trial.

Stevens e-mailed BFOA on October 13, 2017, while the parties were preparing for trial. In the e-mail, Stevens stated, "It would seem to make more sense to address [issues regarding sanctions] shortly after the trial when the parties will have a complete record for [the Discovery Master's] consideration."

The jury trial concluded on December 14, 2017. The court entered final judgment on March 2, 2018. Stevens filed his notice of appeal on March 29, 2018. BFOA filed its notice of appeal on April 25, 2018.

---

[1] In BFOA I, this court affirmed an order requiring Stevens to produce attorney billing records to establish that he actually suffered damages for purposes of his abuse of process claim. 198 Wn. App. at 467.

BFOA filed its motion for discovery sanctions on April 25, 2018. Stevens moved to strike the motion, arguing that BFOA was required to file any motion for sanctions before the court entered final judgment, and that RAP 7.2 barred the court from hearing the motion because the Court of Appeals had accepted review. The Discovery Master denied Stevens's motion to strike and the trial court granted the Discovery Master's motion to file its order. The trial court's order stated that BFOA "may file with this Court a motion under CR 59 or CR 60, asking this matter to be re-opened for the purpose of allowing [BFOA's] April 25, 2018 Motion for Discovery Sanctions to be heard by the Discovery Master."

On July 9, 2018, BFOA moved under CR 59 and CR 60 to reopen the final judgment for excusable neglect. Stevens opposed the motion. The trial court granted BFOA's motion under both CR 60(b) and CR 59(h). In its order, the court directed the Discovery Master to hear and decide BFOA's discovery sanctions motion.

BFOA's motion sought sanctions under CR 37(a)(4), which requires the party whose conduct necessitated a motion to compel discovery to pay for the prevailing party's reasonable expenses if their position was not substantially justified. BFOA asked the court for an award of $105,383 in sanctions and fees.

On September 21, 2018, the Discovery Master granted in part and denied in part BFOA's motion. She awarded BFOA $42,157 in sanctions and fees. Stevens's attorney, Jason Amala, asked the Discovery Master to make him solely liable for the award, which she did.

Stevens then filed a motion with the trial court asking it to review and vacate the Discovery Master's order awarding sanctions. The trial court reviewed the order for an abuse of discretion and denied Stevens's motion except with respect to the awards under section E for $8,948 and section F for $7,500, which awarded fees for Stevens's "fees as damages" claims and written discovery, respectively.[2]

On appeal, Stevens argues the trial court erred by reopening the final judgment and by applying an abuse of discretion, rather than de novo, standard of review. BFOA appeals the trial court ruling vacating the discovery sanctions awarded under sections E and F.

## II. ANALYSIS

### A. Reopening the Final Judgment

Stevens argues that we should vacate the Discovery Master's order awarding sanctions in its entirety because the trial court erred by reopening the final judgment. BFOA claims that Stevens lacks standing to appeal the trial court's order reopening the judgment because the Discovery Master ultimately imposed sanctions against only his attorney. We agree with BFOA.

Under RAP 3.1, only aggrieved parties may seek appellate review. A decision aggrieves a party if it adversely affects that party's property, pecuniary, or personal rights or imposes a burden or obligation. Randy Reynolds & Assocs. v. Harmon, 193 Wn.2d 143, 150, 437 P.3d 677 (2019). Additionally, "[a]n

---

[2] The Analysis section below discusses additional facts related to these sanctions.

aggrieved party must have a present substantial interest in the subject matter of the appeal and must be aggrieved in a legal sense." State v. Rice, 159 Wn. App. 545, 559 n.8, 246 P.3d 234 (2011) (internal quotation marks and citations omitted).

Stevens does not have a substantial interest in this appeal because the Discovery Master ultimately imposed the sanctions against only his attorney. See Engstrom v. Goodman, 166 Wn. App. 905, 917, 271 P.3d 959 (2012) ("An attorney sanctioned by a court may appeal the sanctions on his own behalf, but his client is not aggrieved by the sanctions and may not appeal them."). Because the outcome of this appeal will not affect Stevens's property, pecuniary, or personal rights and will not impose a burden or obligation on him, he is not an aggrieved party.[3] Accordingly, he may not seek review of the trial court's order reopening the final judgment.

B. Discovery Sanctions

BFOA argues the trial court erred by vacating two discovery sanctions that the Discovery Master awarded. Stevens says that the trial court properly vacated

---

[3] Stevens claims that he is an aggrieved party because the reopening of the final judgment delayed us from hearing these linked appeals by seven months. Wash. Court of Appeals oral argument, Bellevue Farms Owners Assoc. v. Stevens, No. 79430-2-I (Jan. 10, 2020), at 15 min., 23 sec. through 17 min. (on file with court). Stevens claims that this, in turn, delayed him in enforcing an injunction ordered in one of the linked cases. But "[a]n aggrieved party is one who has a present, substantial interest, as distinguished from a mere expectancy or . . . contingent interest in the subject matter." Tinker v. Kent Gypsum Supply, Inc., 95 Wn. App. 761, 764, 977 P.2d 627 (1999) (internal quotation marks and citation omitted). The harm of the seven-month delay in enforcing the injunction in this case does not rise to the level of a substantial interest supporting appellate standing.

the two sanctions. We conclude the trial court did not abuse its discretion by vacating the sanctions.

BFOA contends that a trial court reviews a Discovery Master's award on sanctions for an abuse of discretion. Stevens asserts that the trial court needed to review the award de novo. Because we determine the trial court did not abuse its discretion by vacating the sanctions regardless of whether it should have used a de novo or an abuse of discretion standard, we decline to reach the issue.[4] Additionally, because Stevens lacked standing to appeal the court's order on discovery sanctions, the fees awarded under only sections E and F are properly before us. See Engstrom, 166 Wn. App. at 917; State v. Sims, 171 Wn.2d 436, 441-42, 256 P.3d 285 (2011) (holding the State could not challenge the criminal defendant's sentence as a whole when it did not cross-appeal and the defendant appealed only a single sentencing condition). Accordingly, we review only whether the trial court abused its discretion in vacating the fees awarded under sections E and F.

We review a trial court's ruling on discovery sanctions for abuse of discretion. Magaña v. Hyundai Motor Am., 167 Wn.2d 570, 582, 220 P.3d 191 (2009). A trial court abuses its discretion if it bases its order on untenable

---

[4] Here, the trial court reviewed the Discovery Master's award for an abuse of discretion, which was more deferential than de novo review. See Bunch v. King County Dep't of Youth Servs., 155 Wn.2d 165, 176, 116 P.3d 381 (2005). Because the trial court vacated the sanctions under the more deferential standard, we assume it also would have vacated them had it exercised de novo review. See Bellamy v. Montgomery, 2012-Ohio-4304 at ¶ 15 (Ct. App.) ("Before determining whether to remand this matter again, we will consider whether the trial court's findings would support an award of sanctions under the proper standard. If so, under our deferential standard of review, we may affirm the trial court's judgment despite the court's use of an improper standard.").

grounds or is manifestly unreasonable. Magaña, 167 Wn.2d at 582-83. A trial court bases its decision on untenable grounds if it "relies on unsupported facts or applies the wrong legal standard." Magaña, 167 Wn.2d at 583.

1. Section E

In June 2014, Stevens filed his fourth amended counterclaims, which included counterclaims 12 (breach of fiduciary duty) and 13 (abuse of process). For counterclaim 12, Stevens alleged that he had "incurred general and special damages, including but not limited to substantial attorneys' fees and costs." For counterclaim 13, Stevens alleged that abuse of process by Mark Baute (who had represented BFOA) had needlessly increased his litigation costs.

BFOA propounded interrogatories and requests for production of documents on June 13, 2014, to determine the bases of Stevens's "fees as damages" claims. In the requests for production of documents, BFOA sought law firm invoices.

On June 18, 2014, Stevens signed a declaration stating, "The only damages I am seeking are my attorney's fees and costs."

In a letter dated June 19, 2014, the Discovery Master directed the parties to confer in accordance with CR 26(i). The Discovery Master noted that when attorney fees and costs are asserted as damages, parties must take special care to preserve attorney-client privilege and work product.

On August 20, 2014, BFOA moved to compel Stevens to respond to its June 2014 second set of interrogatories and requests for production. BFOA stated that, at that time, it was willing to forego requiring Stevens to provide time

sheets or task descriptions. On August 30, 2014, the Discovery Master granted BFOA's motion but did not require Stevens to produce privileged time sheets. Stevens submitted supplemental responses on February 23, 2015.

BFOA then filed a CR 37 motion for sanctions. On March 31, 2015, the Discovery Master denied BFOA's motion. In the order, she stated that, while BFOA needed to test the validity of the claimed fees, producing the billings would disclose attorney work product and attorney-client communications. She additionally noted that it would be overly burdensome for Stevens to redact the billings and that the redactions would give an inaccurate picture of what the fees were. The Discovery Master proposed that the parties stipulate to the fact of damage.

BFOA refused to so stipulate and moved for reconsideration of the March 31 ruling before the Discovery Master. On April 7, 2015, the Discovery Master presented to the trial court a report that recommended requiring Stevens to disclose unredacted attorney billings related to counterclaims 12 and 13. The Discovery Master determined that Stevens had waived his attorney-client privilege and work product protections by placing the fees at issue. On August 5, 2015, the trial court adopted the Discovery Master's recommendation and ordered Stevens to produce unredacted billing information.

Stevens appealed and this court granted interlocutory review. BFOA I, 198 Wn. App. at 476. Because a commissioner of this court ruled that, pending the appeal, BFOA could seek discovery that did not invade the attorney-client privilege or work product protection, the Discovery Master ordered Stevens to

9

disclose non-protected billing information. She then reviewed the billing records and ordered Stevens to produce redacted records. The records produced clarified that Stevens's attorney had not invoiced him or required him to pay attorney fees for counterclaims 12 and 13.

On April 3, 2017, this court affirmed the trial court's order to compel production of Stevens's "'Attorney's Fees for Abuse of Process'" spreadsheet, which contained the attorney fees and costs related to counterclaim 13.[5] BFOA I, 198 Wn. App. at 467, 480.

In 2018, the Discovery Master considered BFOA's motion for discovery sanctions. Under section E, the Discovery Master awarded BFOA fees for its motion to compel and its motion for reconsideration, determining that Stevens's oppositions to these motions was not substantially justified.

On November 5, 2018, Stevens moved for the trial court to review the Discovery Master's sanctions award. On December 10, 2018, the court vacated the fees awarded under section E. With regard to these fees, the court stated that the issue of whether Stevens had to produce billing records "was a very close call" and that "there wasn't a lot of law out there to make it clear." The court additionally stated that it believed Stevens's choice to "fight tooth and nail" over producing the billing records "was a very legitimate effort."

---

[5] After this court accepted review, BFOA filed, and the court granted, a motion to strike the jury demand for counterclaim 12. BFOA I, 198 Wn. App. at 476. Accordingly, this court did not address the issue related to counterclaim 12. BFOA I, 198 Wn. App. at 476.

When making its oral ruling, the trial court agreed that the issue of whether Stevens needed to produce his attorney billing records "was a very close call," "hotly contested," and "very confusing." It went further by saying that "there wasn't a lot of law out there to make [the issue] clear," and that the Court of Appeals' opinion in BFOA I could be seen as addressing a matter of first impression. Indeed, the Discovery Master had previously declined to order production and ordered Stevens to produce the records only on reconsideration. The trial court supported its decision to vacate the sanction with facts from the record. We conclude that it did not abuse its discretion with respect to section E.

### 2. Section F

In September 2014, Stevens propounded 2,200 requests for admission, 500 interrogatories, and 700 requests for production. At this point in the litigation, Stevens had already deposed each individual plaintiff and had served other interrogatories and document requests. BFOA had produced more than 15,000 pages of documents.

BFOA believed the discovery was excessive and abusive and moved to quash it. The Discovery Master quashed all the requests for admission and quashed or limited 380 of the interrogatories and 560 of the document requests. The Discovery Master awarded fees for the portion of Stevens's propounded discovery that it quashed.

The trial court vacated the fees that the Discovery Master awarded for excessive discovery. It determined that when considering that there were 19 parties from whom Stevens sought information and materials, the voluminous

amount of discovery was not excessive. As such, it looked at the substance of the propounded discovery and stated that "the request [sic] for admission, in particular . . . were totally appropriate and right on point." The court additionally noted that the requests for admissions "were extremely relevant," and that the Discovery Master "just didn't understand how relevant they turned out to be in trial because she wasn't there." Furthermore, the court noted that Stevens made the additional discovery requests because, in prior responses, "every single plaintiff cut and pasted in a boilerplate somewhat vague and rambling response . . . and left the defendant in a position to not really know which plaintiff was saying what."

While the record contains Stevens's requests for admissions, it does not include the interrogatories or requests for production of documents. "The party presenting an issue for review has the burden of providing an adequate record to establish such error." State v. Sisouvanh, 175 Wn.2d 607, 619, 290 P.3d 942 (2012). As BFOA is the party asserting that the trial court erred by vacating the fees awarded under section F, it had the burden to include the allegedly excessive and abusive interrogatories and requests for production of documents in the record. Its failure to do so precludes us from fully reviewing this issue. Accordingly, we address the vacated fees only for excessive and abusive requests for admissions.

Again, the trial court supported its decision to vacate the fees with facts from the record. It determined that while Stevens propounded a large number of requests for admissions, the requests were relevant and not excessive when

12

considering that the case involved 19 plaintiffs. Indeed, each request concerned a plaintiff in the case or the property at issue. As the trial court presided over the two trials that occurred, it was in the best position to determine whether the discovery requests were excessive and abusive. <u>Washington State Physicians Ins. Exchange & Ass'n v. Fisons Corp.</u>, 122 Wn.2d 299, 339, 858 P.2d (1993) ("The abuse of discretion standard again recognizes that deference is owed to the judicial actor who is better positioned than another to decide the issue in question."). It concluded that the requests were not excessive or abusive and vacated the fees awarded under section F. We determine the trial court did not abuse its discretion in doing so.

Affirmed.

_____Chun, C.J._____

WE CONCUR:

_____Andrus, J._____          _____